IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **RONNIE WALLER,** | * |
| **Plaintiff,** | * |
| vs. | * CIVIL ACTION NO. 21-00385-B |
| **KILOLO KIJAKAZI,** Acting Commissioner of Social Security, | * |
| **Defendant.** | |

## ORDER

This matter is before the Court on Defendant's unopposed motion requesting remand of this case to the Commissioner of Social Security pursuant to 42 U.S.C. §§ 405(g). (Doc. 15). This Motion has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3). On February 14, 2022, the parties consented to jurisdiction by the undersigned Magistrate Judge (Doc. 16), and this case was referred to the undersigned to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. 636(c) and Fed.R.Civ.P.73. (Doc. 17). Upon consideration of all matters presented, the undersigned, hereby **ORDERS** that this cause be **REMANDED** to the Commissioner for a new determination.

A review of the pleadings in this case reveals that Plaintiff Ronnie Waller, filed a complaint on September 7, 2021, alleging

that the decision of the Commissioner of Social Security denying his application for a period of disability, disability insurance benefits, and supplemental security income was not supported by substantial evidence on the record as a whole. (Doc. 1 at 3). Waller also claims that the Agency failed to correctly apply the law and regulations to his case.  (Id.).  On February 11, 2022, Defendant filed the instant motion, asserting that this matter should be remanded to the Commissioner of Social Security for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), so that the Commissioner may further consider whether medical improvement has occurred as to the severity of Plaintiff's impairments present at the time of the most recent prior favorable disability determination.   (Doc. 15 at 1). Defendant represents that Waller's attorney has been contacted and does not oppose this motion for remand.  (Id.).

The Court finds that this is a tacit admission by Defendant that Waller's application was not appropriately considered and, thus, that this action should be remanded.  Without reviewing the substantive evidence of record, this Court accepts Defendant's acknowledgment of error.  It thus appears that the decision of the Commissioner of Social Security denying Waller benefits should be reversed and remanded pursuant to 42 U.S.C. § 405(g),[1] see

---

[1] The plain language of sentence four of 42 U.S.C. § 405(g) empowers this Court "to enter, upon the pleadings and transcript of the

2

Melkonyan v. Sullivan, 501 U.S. 89 (1991), for further proceedings not inconsistent with this decision.  See Shalala v. Schaefer, 509 U.S. 292 (1993).

Accordingly, Defendant's unopposed motion for remand under sentence four (Doc. 15) is **GRANTED**, and this case is **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings not inconsistent with the orders of this Court.  See Melkonyan v. Sullivan, 501 U.S. 89 (1991).  The remand pursuant to sentence four of § 405(g) makes Waller a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, see Shalala v. Schaefer, 509 U.S. 292 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** this **25th** day of **February, 2022.**

                          **/s/ SONJA F. BIVINS**
                       **UNITED STATES MAGISTRATE JUDGE**

---

record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  See 42 U.S.C. § 405(g).